UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID LEVIN and DENISE LEVIN,

    Plaintiffs,

v.                                    Case No.:   2:22-cv-687-SPC-KCD

AMICA MUTUAL INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**[1]

Before the Court is Defendant Amica Mutual Insurance Company's Notice of Removal (Doc. 1), and Supplemental Notice of Removal with Averments and Documents in Support of Plaintiffs' State Citizenships (Doc. 15). This is an insurance case that Amica removed based on diversity jurisdiction.

A defendant may remove a case from state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases with complete diversity and an amount in controversy over $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

"The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The Court may order jurisdictional discovery to determine if subject matter jurisdiction exists "when a court's jurisdiction is genuinely in dispute." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982). A "jurisdictional question is genuinely in dispute [when] the court cannot resolve the issue" without additional evidence. *Id.*; *Majd-Pour v. Georgiana Community Hosp., Inc.*, 724 F.2d 901, 903 (11th Cir. 1984). When issuing jurisdictional discovery, the Court has discretion with respect "to the form that discovery will take." *Eaton*, 692 F.2d at 729 n. 7.

Amica is a citizen of Rhode Island. (Doc. 1; Doc. 15). But the Court remains uncertain about Plaintiffs' citizenship. Amica's most recent filing alleges that Plaintiffs are citizens of Florida, or alternatively, of New Hampshire.[2] (Doc. 15). For the purposes of the current Complaint, either of

---

[2] The Court ordered Amica to supplement it's notice of removal twice now. Amica has fixed the first issue, but a second issue still needs clarification.

Plaintiffs' citizenships would provide complete diversity with Amica. But Plaintiffs can only have one domicile and the Court needs to know where that is. *See Comm'r of IRS v. Est. of Sanders*, 834 F.3d 1269, 1279 (11th Cir. 2016) (finding a person may have multiple residences simultaneously but only one domicile at a time).

The Court thus finds that Amica has not met its burden of establishing this Court's subject matter jurisdiction over this action. The Court will grant Amica's request for jurisdictional discovery limited to Plaintiffs' true place of citizenship so this issue can be resolved.

Accordingly, it is now **ORDERED:**

1. Defendant Amica's request for jurisdictional discovery is **GRANTED**. Amica shall have up to and including **December 16, 2022** to complete jurisdictional discovery limited to Plaintiffs' domicile at the time the Complaint was filed.

2. Amica must further **SUPPLEMENT** its Notice of Removal on or before **December 19, 2022**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 17, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3